UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-96-TAV-JEM |
| | ) | |
| HAROLD B. SCOTT and | ) | |
| MARTELL GARCIA GRADY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Martell Grady's Unopposed Motion to Continue Trial and Associated Deadlines [Doc. 54], filed on October 28, 2025.

Defendant requests the Court to reset the plea deadline, set for October 20, 2025, and the trial date, set for November 18, 2025 [*Id.*]. In support of the motion, Defendant states that previously, it was believed that a plea agreement would not be possible in this matter despite lengthy negotiations over the last year [*Id.* ¶ 3]. Defendant represents that additional information has since come to light that impacts the plea negotiation positions and asserts that the parties may be able to reach an agreement that was previously thought not to be possible [*Id.* ¶ 4]. Because of this change in circumstances, the parties both believe that their failure to reach an agreement previously and their now expected ability to reach an agreement constitutes good cause for reinstating the expired deadlines under the Federal Rule of Criminal Procedure Rule 45(b)(1)(B) [*Id.* ¶ 5]. Defendant's motion reflects that counsel for the Government does not oppose the

requested continuance [*Id.* ¶ 6]. Defendant understands and agrees that the time period of this continuance is excluded from the speedy trial computation [*Id.* ¶ 8].

Codefendant Harold B. Scott filed a notice of no objection to the motion to continue, stating that he is similarly situated in that his counsel needs additional time to seek a resolution in this matter [Doc. 56 p. 1].[1] He represented that he is in custody and understands that the period of time between the filing of the motion for a continuance and the rescheduled court dates are fully excludable for speedy trial purposes [*Id.*].

Based upon the information in Defendant's motion and because the Government and Codefendant Scott do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to confer with the Government regarding a potential resolution, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 18, 2025 trial date.

The Court therefore **GRANTS** Martell Grady's Unopposed Motion to Continue Trial and Reinstate Deadlines [**Doc. 54**]. The trial of this case is reset to **March 31, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy

---

[1] The Government filed a plea agreement and supplement for Defendant Scott [Docs. 52, 53], but Defendant Scott has not yet entered a guilty plea.

trial, all time between the filing of the motion on October 28, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Martell Grady's Unopposed Motion to Continue Trial and Reinstate Deadlines [**Doc. 54**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 31, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 28, 2025**, and the new trial date of **March 31, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 27, 2026**;

(5) the deadline for filing motions *in limine* is **March 16, 2026**, and responses to motions *in limine* are due on or before **March 24, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 17, 2026, at 1:00 p.m.,** and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 20, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge